U.S. Army Medical Ctr. v. U.S. Army Medical Ctr. v. U.S. Army Medical Ctr. v. U.S. Army Next case is Charleston Area Medical Ctr. v. United States U.S. Army Medical Ctr. v. U.S. Army Medical Ctr. v. U.S. Army I wish to reserve three minutes if that's okay. May it please the Court, as to the tax issue, I want to make just three points. First, that the absence of a C-modifier before the corporation term, and really that's why we're here, if Congress had put a C-modifier into 6621A1, I don't think we'd be here at all. But in its amendment, it didn't put that. But in the absence of a C-modifier does not justify the leap to the broadest possible meaning for the ambiguous term corporation. Corporation under the Internal Revenue Code has at least four distinct meanings and more combinations of meaning. It can be S-corporations, C-corporations, state-owned corporations, non-profit corporations, a lot of different types of corporations. Well, you're here trying to ask us to create a circuit split with a number of other circuits who have already addressed this question and ruled against your position, correct? Yes, and I believe those cases are wrong for reasons I'll explain. A very large reason is that we now have the benefit of Notice 2018-18, where the IRS refutes, doesn't follow, the Resillo Rule, and those prior decisions have pivoted in a fundamental way on the Resillo Rule. Resillo holds that where you've got disparate terms in a statute and you've got a single enactment, then you draw an inference from that. Well, as threshold matter, we don't have disparate terms. We have corporate used in headings and a corporation. Those are adjective and noun forms of one word, corporation. We don't have a single enactment. We have an accretive statute which built on, there was a 1990 amendment, 94 amendment, 97 technical correction, and a 1998 amendment. Take the state of Michigan case, for example, which dealt with section 11 under the code. That's the seminal provision that imposes corporate income tax. The unadorned term, corporation, was used. The Sixth Circuit held that no, that does not encompass state-owned corporations. The Internal Revenue Code has hundreds of usages of the unadorned term, corporation, where the term does not have an as broad as possible meaning. That renders the Resillo Rule, upon which all these prior courts have pivoted, it renders it inapplicable. How can we rely on a notice that hasn't even been issued as a new regulation? Notices are entitled to skid more deference, and a regulation is actually promised. That notice has been unusual. Usually, notices announce a proposed reg. This doesn't announce a proposed reg. It says a regulation will be issued. So I think it gets skid more deference. I think it illustrates what is also visible from looking at the rest of the code, which is that there are hundreds of instances, and this is undisputed, hundreds of instances where the term corporation does not have an as broad as possible meaning. That is, the leap that has been made by all of these courts is inappropriate under the structure of the code. I'm asking this court to look at the structure of the code. And we've got rules which, so far, no court has really wanted to recognize, requiring liberal construction in favor of the taxpayer, and requiring any doubt to be resolved in favor of the taxpayer. These courts have not done that respectfully. As I read them, they're very tough, the way they come at the teaching hospitals, construing things not in a liberal fashion. But we have to find some ambiguity in the statute before we give any deference, right? Sure, and let me move on to that immediately. The symmetry principle. The cases hold in the tax arena, and tax may not be the same as patent. I mean, tax has the most, excuse me, tax has something like 70,000 pages of code and regs. I think we know that. Well, what I mean to say is that the judicial rules are special, and they're designed to deal with a statute that is modified repeatedly. We do have tax cases. I know, of course you do. I actually worked in the Court of Federal Claims section of DOJ for 14 years, and I'm very familiar with this court, actually. So the one rule that may strike the court, and I think has been difficult for the district courts to accept, is that legislative history continues in the tax arena to play an important role. We've got Supreme Court cases, I've cited them, and they say that legislative history must be considered. Textual history, distinct from legislative history, must be considered. And I don't think, I think the courts took a 1999 snapshot of the statute. In the statute 6621, which refers to a corporation, 7701 is a broad definition. It includes joint stock companies, but it is not limiting to those companies, and therefore it must be interpreted broadly to include non-profits. I don't agree with the idea that 77, I'll start with 7701, that 7701 has to be construed broadly. Congress could have put in to 7701 a reference to, if it's a state law corporation, it's a corporation for purposes of the Internal Revenue Code. Didn't do that. But the common law understanding of corporation included non-profit corporations, did it not? Again, Congress in 7701, the dictionary statute, refrained. Why did Congress refrain from putting that in? And the reason is that across the code, there are usages of corporation that vary. They go from, if... So those are specifically defined forms of corporations. That doesn't change the fact that you still apply the common meaning to corporation, right? No, I don't think ordinary... If one wants to get into ordinary and common meaning, I'm happy to do that. Because the IRS's website, for example, says that these are called charitable organizations. In ordinary and common meaning, these are called non-profits. No one runs around saying that an incorporated charitable organization... And that's the phrase that the IRS itself uses, charitable organization. That an incorporated charitable organization is a corporation. People don't talk about the United Way as being a corporation. But you're incorporated under state law, right? Oh, yes. We don't dispute that we are. But you're saying that by using the word corporation, Congress intended to exclude certain corporations from that word. I'm sorry. I didn't follow. But in the statute, they use the word corporation. And you're saying, well, they could have put in including non-profit corporations. But they also could have excluded non-profit corporations, correct? They didn't say every corporation. We already have. Congress didn't need to set out... So are you basically disputing the proposition that corporation is a generic term for all the different types of corporations, C-corporations, S-corporations, etc.? Yes, in hundreds of places. I'm trying to figure out 6621A1 says corporation. It doesn't say C-corporation. And you're asking us to read the word corporation in 6621A1, to translate it to really mean C-corporation. And I don't know if we're allowed to do that. You're back to recital. Congress knows how to say C-corporation. It said it in 6621C3. And then many, many, many other places. And knows how to say S-corporation and so forth. And then it also knows how to say just blandly corporation. And every court I'm aware of has read the more bland version of just saying corporation to encompass all corporations and not just restrictively read that term to mean just C-corporation. So that's, I think, the challenge you have. It is, and that's why I started out by talking about recital because it's the recital concept. I'm talking about traditional tools of statutory construction principles here that's making me resist the idea of inserting the letter C in front of the word corporation in the statutory text that we need to interpret here. Congress, in hundreds of places, obviously used corporation as having a less than fully expansive meaning. They wanted to leave it to the Treasury Department to write regs defining the scope. And this new notice illustrates this very vividly. 2018-18 says that they will issue a reg which says that corporation, in this instance, even though that same enactment, the same enactment, Tax Cuts and Jobs Act of late 2017, in other places uses S-corp, uses C-corp, and then in this statute it uses the word corporation. And Congress wanted to leave, apparently, Treasury free. You are handcuffing Treasury by imposing this notion that everywhere the word corporation appears, it has to have an as broad as possible meaning. This is going to backfire on Treasury. So you're saying that the, well, the new regulation, or the new notice might backfire on Treasury too. So, I mean, because you're saying that Congress intended to delegate to the IRS the right to rewrite terms used in the statute. They're not rewriting it. How can that be so? The Resillo, number one, Resillo doesn't even apply because you don't have disparate terms. I want to make sure I'm clear on that. This doesn't even fall within Resillo. You don't have disparate terms because we have the word, the unadorned word corporate. They could have said in the headings, in the black letter headings, C-corporation. They didn't. Instead, that appears in a subparagraph definition. We also don't have a simultaneous enactment. We have accretive enactments. Accretive enactments are treated differently than a, they're a less strong situation for imposing what this court may be thinking, well, what prior courts thought should be imposed. You wanted to save some time. Yes. So you have two minutes. Well, the last thing, you know, I would say that, and thank you for reminding me, the IRS is taking a position that's inconsistent with its notice and a promised reg. It's inconsistent with hundreds of provisions in the code which define corporation in a less than fully expansive manner. And you simply can't do that. The last thing I'd say is that Rule 23 discussion, where the court wouldn't even address Rule 23, that's just obviously wrong under Amgen. It requires two trips to the Court of Appeals. Thank you. Ms. Rubin. Can you start with the IRS notice? I guess I really don't understand how the IRS can choose to rewrite the word corporation if it's standing up here telling us that the word corporation, it has a broad meaning and a common law meaning, and it shouldn't be altered. I think we're going to have to see what those regulations look like because that deals with a completely separate statute. And actually notice 2018-18 says that whatever they do in those proposed regulations, which have not been enacted and we don't know what they look like, would be limited to the effect on 1061. So we'll have to see what the regulations look like. Doesn't 1061 use the word corporation? It certainly does. So you're saying we can limit our rewriting of a statutory term in one section of the code and it doesn't affect the rewriting of that statutory term in another section? I guess what I'm saying is this. I don't know what the basis is that the IRS would use to justify the regulations. I don't know the language they would use in the regulations. And so I don't know how I can defend regulations that don't exist. They said what it's going to be. It's going to be a regulation that excludes the S corporations from the definition of corporation. Right, but I don't know what basis they're trying to use for that, and I don't know what I would say to try to defend these regulations that don't even exist. What I do know how to defend is a statute that uses the generic term corporation, which has historically and ordinarily been used to cover all corporations. So would you agree, then, that if Treasury tried to write a regulation that redefined the word corporation to exclude S corporations, that would be invalid? I would need to see what the basis was. I don't want to stand here and tell you that some regulations that don't exist yet are invalid. Right, but your argument to us, to follow up on Judge O'Malley's question, is that the term corporation, as it's used in the tax code, is unambiguous, and it covers all forms of corporations, profit and non-profit. Well, certainly, if you look at— Right? I mean, let's start with that. Okay. That's your argument, right? My argument is that unless the statute— Where am I wrong with my understanding of your argument? Let's look at the preamble to Section 7701. Did I say something wrong in explaining your position about the relative ambiguity or unambiguity of the term corporation as it's used in the tax code? Whenever 7701A3 applies, that is our position. Let's take a hypothetical. Assume the regulation says that S corporations will be excluded from the term corporation, and it doesn't apply specifically to 7701. When it applies across the board to the tax code, would that be a valid exercise of their regulatory authority? So you're saying that they would use this regulation to somehow rewrite 7701A3 so that it no longer includes S corporations? Well, not just 7— Because that's what they would need to do for that to happen. Right, and to have 1061. And what I would say is in the United States v. MP case, what had happened there was there was an amendment done to the regulations interpreting Section 7701 that attempted to say a certain category of State-incorporated corporations were not corporations for purposes of the tax code. And what the Court said was, no, no, no, there's a longstanding administrative practice that the term corporation includes all State-incorporated corporations, and it's been legislatively re-enacted numerous times with Section 7701A3 has been re-enacted 11 times. But you're still not answering the question. 1061 uses the word corporation, does it not? Yes. What I'm saying is I don't think that any regulation, if you follow the reasoning of MP, I do not believe that any regulation could change the meaning of corporation to exclude State-incorporated corporations from the generic definition of corporation. Could there be a regulation that says we're going to exclude nonprofit corporations from the definition of corporation anywhere in the tax code? Could they do that? I don't think they could change the meaning under Section 7701A3. Now, if you look at the preamble. But they could change the meaning under other provisions. There have been times when the regulations have been issued that excluded nonprofit corporations. We even cite some of them in our brief, including look at Treasury Regulation 1.337D-7 where the IRS and the Treasury Regulation said, for purposes of this provision, these rules that apply to C-corporations do not apply to nonprofit corporations. But I wonder if I could just get back to that preamble to Section 7701A3, to 7701. And what that says is that these definitions apply throughout the code unless a particular statute distinctly expresses a different definition or the definition contained in here is somehow inconsistent with congressional intent. So all I'm saying is I need to see the regulations that would come out of interpreting Section 1061 to see if somehow they explain that, hey, the generic definition that's found in Section 7701A3, which is not at issue, which cannot, as I understand it, under the MPB change by any regulations, that it is somehow inconsistent with congressional intent. And I certainly am not, you know, waiving the government's ability to argue that any regulations that might be enacted under 1061 are permissible under the preamble to Section 7701A3. But the thing is, is that in this case, nothing in Section 6621A3 is inconsistent or specifically states an alternative definition to the broad definition found in 7701A3. And so in this case, dealing with this provision, what we have is the use of the plain word corporation. And that plain word has long been understood for, you know, well over 100 years. And to mean in the terms of the Internal Revenue Code, all corporations including nonprofits. And Section 7701A3 says, well, corporation also includes certain other things. So while I agree that there's a generic term that in common usage would mean any state incorporated entity, in the terms of the Internal Revenue Code, it's actually even broader because there are some unincorporated entities that are considered corporations for purposes of the Internal Revenue Code. And those are stated in Section 7701A3. To be sure, there have been regulations that have been put forth to try to guide how unincorporated entities are treated as corporations. They treat as corporations or not. Those have been argued extensively in the briefs. We would say while under those regulations, such a state incorporated entity, such as these corporations who are taxpayers here, are considered to be corporations under those regulations as well. They're not really relevant. Four other circuits have decided. That's right. Have they relied on a common ground or definition? I would say so, yes. I think if you look at them, all of them agree that under the ordinary meaning of corporation, it includes nonprofits. All of them agree that Section 7701A3 includes all incorporated entities and that the language in it simply expands the definition beyond the common meaning to include certain unincorporated entities. Your position would be helped if 7701A3 included the word also. Right, but it's not the only place where that sort of definition has been done. If you look at 7701A10, state is defined as including the District of Columbia, but I think we can all agree that for the Internal Revenue Code, state also includes the state of Maryland and the state of Virginia. So every court that has looked at this question has determined that by saying it includes these terms, it didn't say, but it doesn't include the commonly understood meaning of corporation. What about 501C3? What does that do for you? Which one? 501C3. 501C3, I think, is actually extremely helpful for us because what it shows is that there's an understanding that a corporation can be a non-profit, which is why they needed to actually exclude non-profit corporations from being subject to income tax, unless, of course, they have unrelated business income, which is then taxable just like any other corporation's income would be, and that's under Section 511. Those other cases that you rely on from the other circuits, they didn't address every single issue that is raised here, did they? No, but I think just about all these issues were raised, and I think if you sort of look at all four of the cases, I think they cover an awful lot of them. I think notice 2018-18 was discussed briefly in the Wichita case, which said, hey, you've cited all this post-enactment legislative history in a 28-J letter, which was then cited in the reply group, and they said, this is irrelevant. It's dealing with a different provision and unenacted regulations that aren't at issue here. You know, you look at the, I believe also... Aren't we supposed to assume, though, that at least across the code, where there isn't a distinction drawn, that use of the same word gets the same treatment? Again, unless it would be inconsistent with congressional intent. Now, I do agree that where, like with 6621A1, there's no basis to say that there was either a definition set forth for corporation or that the general definition for corporation is somehow inconsistent with intent. Yes, you should apply the same definition throughout. But I guess what I would say is, if you were to look at any particular other use of a term that is defined in 7701, you would need to do that analysis. In this case, we did that analysis, and the courts have done that analysis, and the courts before you have looked at it and said, look, this is completely consistent with the common understanding of the language. It is consistent with the definition in the Internal Revenue Code. It's consistent with the structure here, where 6621A1 says, you know, this lower corporate overpayment rate is applicable to all corporations. And unlike in 6621C1, where in C3, where instead large corporate underpayment is defined as only applying to C corporations, and that's where Rustello really comes in, is to say, look, you've got, Congress has made decisions here to use the term corporation in one provision, and then use C corporation in the other. What is a C corporation? Anything but an S? It's anything but an S. So we would actually say that even if you were to say, okay, we're going to use C corporation throughout 6621, well, these hospitals are not S corporations. They are corporations, so they must be a C corporation, because any corporation that's not an S corporation under Section 1361 is a C corporation. So under either interpretation, ultimately, it doesn't really matter, because the corporate overpayment rate applies to these corporations, which everyone agrees are corporations. Are there any further questions on the 6621 issue? Are there any questions on the class certification issue, which we believe is fully resolved by the Greenlee case? If we had questions, we would volunteer them. Is there anything else you wish to say? No, for the reasons stated in our brief, as well as all the reasons stated in the 2nd, 6th, 7th, and 10th Circuit opinions, we believe you should affirm. Thank you. Mr. Seitz, you've got a minute. Well, they've admitted that they lose. Why is that? Because they say that they need to have the reg under 1061, this promised reg. They need to have that before them to determine whether the reg is valid. That means that corporation permits a definition that excludes S corporations. Corporation is ambiguous. Ambiguity favors us. All doubt must be resolved in favor of us. Second point, the Internal Revenue Code was codified 1939, 1954, 1986. Congress didn't go through the hundreds of provisions and insert modifiers. It left them the way they were. It could have done that, didn't do that. I hesitate to agree with your proposition that that was a concession as to ambiguity. I mean, if anything, it was just counsel trying not to lock someone else in in a different case. And there was an admission that it should be that barring the circumstances that would normally allow you to read a word other than in its generic form, then you have to read it in its generic form. To the extent there was any concession, it was the opposite. I used to work for DOJ. I understand what was going on. I still think it's a concession that there's ambiguity. Okay, we'll decide that. Thank you. Thank you, counsel. Case is submitted.